### WEST JERSEY AND SEASHORE RAILROAD COMPANY v. THE OCEAN CITY RAILROAD COMPANY.

In proceedings to condemn lands under the General Railroad law, the justice of the Supreme Court is vested with an express power, coupled with such implied authority only as is necessary for its execution. When the application and notice conform to the statute, the appointment of commissioners is a matter of course. The judicial officer must decide whether there is, *prima facie*, a compliance with the statute; beyond this he has no jurisdiction over the parties or the subject.

On *certiorari.*

Argued at February Term, 1898, before Justices GARRISON and LIPPINCOTT.

For the prosecutor, *Joseph H. Gaskill.*

For the defendant, *Robert H. McCarter.*

The opinion of the court was delivered by

GARRISON, J.   This *certiorari* brings up the order made by a justice of this court appointing commissioners to assess the damages to be paid to the prosecutor for crossing and taking certain of its lands.   The proceeding is under the General Railroad law.   *Gen. Stat., p.* 2641.   It was objected on the part of the landowner, the West Jersey and Seashore Railroad Company, that the appointment should not be made because the land described in the notice was a public highway, along which no lawful authority to construct a railroad existed ; also because the applicant had no municipal authority to occupy, longitudinally, the said highway, and that no effort had been made to purchase the land or rights of the prosecutor.   This last point was not borne out by the proofs and is not made a contention in the brief of counsel.   The other objections rest upon a misconception of the effect of the proceeding and of the extent of the jurisdiction involved. The proceeding, at its completion, simply names a sum of money as the equivalent of what the prosecutor will lose if

the applicant takes what is described in his notice. It does not say that he may take it; it affirms nothing; it simply assesses damages for a hypothetical injury.

The entire subject appears to be settled by the reasoning of Chief Justice Beasley in *Delaware, Lackawanna and Western Railroad Co.* v. *Hudson*, 9 *Vroom* 17, and by the opinion of the Court of Errors in the same cause. *Id.* 548.

To the same effect are *National Railway Co.* v. *Easton and Amboy Railroad Co.*, 7 *Vroom* 181, and *Pennsylvania Railroad Co.* v. *National Docks Co.*, 28 *Id.* 86.

The writ will be dismissed, with costs.